# EXHIBIT A

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | ) ) ) ) |
| v. | ) Criminal No. 13-10289-DPW ) |
| ISSAM EL NADDAF, | ) ) |
| Defendant | ) ) ) |

## AFFIDAVIT OF ISSAM EL NADDAF

I, Issam El Naddaf, hereby state and declare as follows:

1. I am the defendant in the above-captioned action.

2. I first learned that charges had been filed against me on June 5, 2018, when I was arrested at Logan Airport in Boston in connection with this matter.

3. The primary focus of the charges against me in this case involve the events of April 12, 2012, more than five years before my arrest. According to the Superseding Indictment, on that date, I allegedly delivered more than $112,000 in United States currency to undercover Special Agent Brendan Hickey at the Arsenal Mall in Watertown, Massachusetts.

4. In 2012, I was working as a licensed cab driver in the City of Boston. That job required me to travel all over the Greater Boston area on a near-daily basis.

1

5. Despite my best efforts, I have been unable to recall the specifics of my conduct on April 12, 2012, including any interactions that I had with Special Agent Hickey that day either on the telephone or at the Arsenal Mall.

6. Based on the evidence produced by the government, it does not appear that I was driving my cab or working as a cab driver in connection with those interactions with Special Agent Hickey on April 12, 2012. However, I am not able to recall those interactions or distinguish those interactions from any other conduct that I may have engaged in while I was working as a cab driver during 2012 or at any other time.

7. During the course of this litigation, the government has produced to my counsel certain audio and video recordings, as well as various photographs relating to my alleged conduct on April 12, 2012. *See, e.g.,* Trial Exhibits 5, 7, 9, 16, 17. The government has also produced in discovery various reports and notes prepared by government agents that purport to relate in part to my conduct on or about that same date.

8. My review of those exhibits and other materials produced by the government in this case has not refreshed my recollection surrounding the events of April 12, 2012.

9. For example, although I do not dispute that my voice is on the telephone calls reflected on Trial Exhibits 5 and 7, nor do I dispute that my image is captured in the video and photographs in Trial Exhibits 9, 16 and 17, my review of those materials does not refresh my recollection of those communications with Special Agent Hickey or my interactions with him at the Arsenal Mall. In addition, while the evidence produced by the government at trial indicates that I delivered a sealed box to Special

Agent Hickey on April 12, 2012, my review of that evidence has not refreshed my recollection about that event.

10. Moreover, I cannot recall the substance of any additional unrecorded communications or other personal interactions that I may have had by telephone or in person with Special Agent Hickey relating to the events of April 12, 2012.

11. According to discovery materials produced by the government in this case, after I met with Special Agent Hickey at the Arsenal Mall on April 12, 2012, I travelled to my then-place of work at C&L Autobody at 931 Massachusetts Avenue in Boston. My review of the discovery materials in this case has not refreshed my recollection about those events.

12. For all of the foregoing reasons, my ability to assist my counsel in connection with any investigation relating to those events or in defense of the charges against me in this case has been limited.

Signed this 7th day of May 2019, under the penalties of perjury.

_____
Issam El Naddaf