UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Cr. No. 13-cr-10289-DPW |
| ) | |
| ISSAM EL NADDAF, ) | |
| ) | |
| Defendant. ) | |

**GOVERNMENT'S SUPPLEMENTAL MEMORANDUM IN RESPONSE TO DEFENDANT'S MOTION TO DISMISS BASED UPON CONSTITUTIONAL SPEEDY TRIAL VIOLATION**

The United States of America, by Assistant United States Attorneys Nadine Pellegrini and Jared C. Dolan, hereby files a Supplemental Memorandum in Opposition to Defendant's Motion to Dismiss based upon constitutional speedy trial violation. The focus of this response is meant only to supplement and not to repeat or forego any arguments previously presented.

At this point in time, this case is in a unique posture. Unlike many of the decisions dealing with the issue of constitutional speedy trial delay, this is now a post-trial matter, allowing for a somewhat rare perspective on the interplay and impact of the four factors which make up the balancing test set forth in *Barker v. Wingo,* 407 U.S. 514 (1972). Specifically, the posture of this case allows for the clear view that the presumption of prejudice raised by the length of delay was rebutted; that the reason for the delay was not as a result of government negligence; and the Defendant has not suffered actual prejudice. On balance therefore, the Defendant has failed to show that he is entitled to a dismissal based upon constitutional speedy trial grounds.

While the parties agree on the amount of delay in this case, there is no agreement as who is responsible for the delay and to what extent. However, the law is clear that not all delay is created equal. "*Barker* made it clear that different weights [are to be assigned] to different reasons for delay." *Doggett v. United States*, 505 U.S. 647, 657. (1992). Deliberate delay -- intended to confer an advantage over the Defendant -- is the most serious. Had there been deliberate delay, the case should be dismissed. However, evidence of deliberate delay is completely absent. The middle ground suggested by the Supreme Court in *Doggett*, "official negligence," is also not present. This is not a case where, post-

indictment, the defendant re-entered the United States through U.S. Customs, married, earned a college degree, and lived openly in Virginia under his own name where his presence remained unknown to investigators for six years. Rather, the Defendant was immediately apprehended upon his re-entry into the United States from a country from which there is no extradition treaty with the United States. While the Defendant did travel, the record is not settled as to which passport he used to travel and whether or not the notification was available to the United States. With this record, at best, the reasons for the delay fall within the third ground and should be considered neutral.

While there have been suggestions that the government should have taken steps to directly contact the Defendant without formal process, the law has not, at this point, either suggested or required such a step. The law also does not state that failure to try an informal method is negligence.

"[W]here a defendant is located abroad for much of the delay - the hallmark of government diligence is extradition." *United States v. Fernandes*, 618 F.Supp. 2d 62, 69 (D.D.C.) (2009). In *Fernandes*, the district court went on to say that "[o]n the other hand, if the government presents 'substantial evidence' that extradition would be futile, then an extradition request normally is not necessary." Id.

The government clearly has an obligation to make good-faith efforts to have the Defendant returned to the United States. But, by the same token, such efforts "do not require the government to pursue futile legal gestures." *United States v. Bagga*, 782 F.2d 1541, 1532 (11th Cir. 1986). In this case, based upon the prior hearings and presentation of evidence by the government, it is clear that extradition was not an option. If the government has met its burden to show that extradition is not possible and futile legal gestures are not required, the government cannot be held accountable for failing to pursue non-legal gestures, the utility of which is by no means certain.

Turning to the issue of actual prejudice, the Defendant was able to mount a vigorous defense at trial, testing the government's procedures and investigation. The Defendant's post-trial statements that he

cannot remember the details of that day despite video and audio tapes are, on the other hand, suspect, untested, and highly convenient. They do not, without more, rise to the level of cognizable prejudice.

The government respectfully requests that the court deny the motion to dismiss based upon a constitutional speedy trial violation.

Respectfully submitted,

ANDREW E. LELLING
United States Attorney

By: */s/ Nadine Pellegrini*
    NADINE PELLEGRINI
    JARED C. DOLAN
    Assistant U.S. Attorneys

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

*/s/ Nadine Pellegrini*
Nadine Pellegrini
Assistant U.S. Attorney

Dated: June 26, 2019.