UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | )  Cr. No. 13-cr-10289-DPW |
| | ) |
| ISSAM EL NADDAF, | ) |
| | ) |
| Defendant. | ) |

## GOVERNMENT'S SUPPLEMENTAL BRIEF RE MOTION FOR JUDGMENT OF ACQUITTAL

**I.     INTRODUCTION**

At the hearing on defendant's motion for a judgment of acquittal, the Court asked the parties to address Stewart v. Coalter, 48 F.3d 610 (1st Cir. 1995). The Court also asked for a more fulsome harmonization of the applicable law as to Rule 29 motions. As set forth below, Stewart, and a subsequent case, United States v. Olbres, 61 F.3d 967 (1st Cir. 1995) fully support the government's position, to wit, that the Court is obligated to view all competing inferences in favor of the government before assessing the sufficiency of the evidence.

**II.    THE LAW REQUIRES THE COURT TO INDULGE ALL REASONABLE INFERENCES IN FAVOR OF GUILT**

When determining the sufficiency of the evidence, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979) (emphasis in original). Upon being faced with two or more plausible competing inferences in the context of a challenge to the sufficiency of the evidence, the Court must choose the inference favoring guilt. Olbres, 61 F.3d at 970 (1st Cir. 1995) (reversing district court's judgment of acquittal in tax case). Olbres addressed at length the

issues identified by the Court, specifically, what to do when the determination of knowledge and intent depends on competing inferences. In Olbres, the district court had granted the defendant's motion for judgment of acquittal because the government's evidence of knowledge and intent was wholly circumstantial. Specifically, the district court found that the inferences necessary to establish guilt, while rational, were not "of sufficient persuasive value to establish the defendants' knowing intent to evade taxes, beyond a reasonable doubt." Id. at 974.

In reversing, the First Circuit remarked that such a method of looking at competing inferences was erroneous, as "few, if any, circumstantial evidence cases can survive this sort of balkanization." Id. The First Circuit held that "[b]y umpiring the duel between two competing inferences and declaring the winner on the basis of which inference appeared more robust in his eyes, the judge invaded the jury's province." Id.

While Olbres was decided after Stewart v. Coalter, the reasoning of the former explains the result of the latter. The jury in Stewart would certainly have been entitled to draw the inference that John Good only told Gary Stewart about the murder of Robert Perry upon reentering Stewart's Pontiac. That inference would have been plausible. But it was also a plausible inference that Stewart had advance knowledge of the murder, as shown by the quick getaway from the scene and Stewart's subsequent lies to the police. Stewart, 48 F.3d at 615. "[R]ational people can have quite different views about the likelihood that a quick getaway implies prior planning or that one otherwise innocent would lie to the police to protect a murderous companion." Id. at 616. Using the reasoning of Olbres, "instead of crediting those inferences and then confronting the question of evidentiary sufficiency, the court simply placed the inculpatory inferences on an equal footing with various exculpatory inferences and proceeded to weigh this mixed bag." Olbres, 61 F.3d at 975. This was error.

Applying these principles to just one of the inferences in this case, the jury was permitted to make a reasonable inference of knowledge where the defendant was trusted with a large amount of currency. "This is because drug organizations do not usually take unnecessary risks by trusting critical transactions to outsiders." United States v. Azubike, 504 F.3d 30, 37-38 (1st Cir. 2007). On the other hand, the jury could perhaps have made the plausible inference that the defendant was simply a cab driver that had a friend, Jack, who asked him to make a delivery of unknown goods. Just like in Stewart, this inference is less plausible upon close inspection. For example, the defendant was not working on behalf of a common carrier. In fact, there was no other purpose for the defendant to meet with Agent Hickey, other than as part of the charged money laundering conspiracy. The taped-up faucet box was not one parcel among many, otherwise indistinguishable from licit cargo. The absence of a legitimate purpose for the trip weighs against crediting an otherwise unsupported inference of ignorance. Cf. United States v. Perez-Melendez, 599 F.3d 31, 44 (1st Cir. 2010) (district court should have accorded more weight to evidence that there was legitimate purpose for trip). In contrast, there is ample evidence lending support to the above inference supporting knowledge. Specifically, the defendant possessed the money laundering phone, used the money laundering code, and made the delivery of a box full of money. While a conviction cannot be based solely on conjecture, "a conjecture consistent with the evidence becomes less and less a conjecture and moves gradually toward proof, as alternative innocent explanations are discarded or made less likely." Stewart, 48 F.3d at 615-16. The teaching of Stewart and Olbres is that in such a circumstance, a directed verdict is inappropriate.

### III.   OVERALL TREATMENT OF RULE 29 MOTIONS AND JACKSON V. VIRGINIA

The First Circuit has struggled with a consistent application of the above-standard in the intervening years.  Compare United States v. Maymi-Maysonet, 812 F.3d 233 (1st Cir. 2016) (affirming conviction where jury could infer knowledge based on circumstantial evidence) with United States v. Burgos, 703 F.3d 1, 15-16 (1st Cir. 2012) (disregarding inferences drawn by district court and reversing conviction).

Most of the confusion can be traced to the reliance on precedent that predated Jackon v. Virginia.  For example, in United States v. Valerio, the First Circuit remarked, for the first time, that it was "loath to stack inference upon inference in order to uphold the jury's verdict."  48 F.3d 58, 64 (1st Cir. 1995).  For that proposition, Valerio relied on Ingram v. United States, 360 U.S. 672, 680 (1959), a Supreme Court case that predated Jackson v. Virginia.  For that reason alone, its validity is suspect.  Additionally, the First Circuit later rejected in large part the above language in Valerio, reasoning, "Chains of inference are a familiar, widely accepted ingredient of any process of ratiocination.  This method of reasoning, commonly called logic, is regularly relied upon in the realm of human endeavor, and should not be forbidden to a criminal jury."  United States v. Spinney, 65 F.3d 231, 238 (1st Cir. 1995).[1]

Other courts have similarly struggled with a proper application of Jackson.  See United States v. Nevils, 598 F.3d 1158, 1165-66 (9th Cir. 2010) (en banc) (recognizing that the court had "subsequently strayed from our obligation under step one of the Jackson standard to construe

---

[1] Despite Spinney, the First Circuit relied upon Valerio in United States v. Pothier, 919 F.3d 143, 146 (1st Cir. 2019) when it reversed a child pornography conviction based on insufficient evidence.  But Pothier also stands for the well-accepted principle that plausible inference must be based on evidence, and not conjecture.  In that case, there was little evidence of the defendant's actual conduct distinguishing him from the other two subjects.

the evidence at trial in the light most favorable to the prosecution."); see also United States v. Vargas-Ocampo, 747 F.3d 299, 301 (5th Cir. 2014) (en banc) (rejecting rule that reviewing court "must reverse a conviction if the evidence contributed in favor of the verdict gives equal or nearly equal circumstantial support to a theory of guilt and a theory of innocence of the crime charged."). When the trial judge disagrees with the inferences a jury must make to find guilt, it is perhaps natural to apply strict scrutiny to the facts and disregard rational inferences as implausible. This is precisely why review for sufficiency of the evidence is so circumscribed. See United States v. Rothrock, 806 F.2d 318, 320 (1st Cir. 1986) (reversing district court's grant of judgment of acquittal). The Jackson standard "leaves juries broad discretion in deciding what inferences to draw from the evidence presented at trial, requiring only that jurors 'draw reasonable inferences from basic facts to ultimate facts." Coleman v. Johnson, 566 U.S. 650, 655 (2012) (internal marks omitted). Under that standard, the Court must deny the defendant's motion.

## IV.   CONCLUSION

The Court should deny the defendant's motion under Rule 29.

                                    Respectfully submitted,

                                    ANDREW E. LELLING
                                    United States Attorney

                         By:    /s/ Jared C. Dolan
                                    JARED C. DOLAN
                                    Assistant United States Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants .

                                                /s/ Jared C. Dolan
                                                JARED C. DOLAN
                                                Assistant United States Attorney

Date: June 26, 2019